IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| CRAIG O. COPLEY, ) | |
| ) | |
| Petitioner, ) | |
| v. ) | Civil Action |
| ) | No. 04-3555-CV-S-RED-H |
| ROBERT McFADDEN, Warden, ) | |
| United States Medical Center ) | |
| for Federal Prisoners, ) | |
| Springfield, Missouri, et al., ) | |
| Respondents. ) | |

**REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

Petitioner, an inmate formerly confined in the United States Medical Center for Federal Prisoners, petitions this Court for a writ of habeas corpus in which he complains about his mental health commitment. The petition has been referred to the undersigned for preliminary review under 28 U.S.C. § 636(b). Because petitioner's claims are not properly before this Court, it will be recommended that he be denied leave to proceed in forma pauperis.

As grounds for relief in habeas corpus, petitioner alleges that he should be discharged from his mental health commitment under 18 U.S.C. § 4246 because the indictment was dismissed long ago; that he has been discriminated against by staff at the Medical Center because they wrongfully medicate committed inmates; they never recommend unconditional discharges from commitments; and they rely upon cameras to monitor the actions of mentally ill inmates like petitioner. He also asserts that he does not have to exhaust administrative remedies because of the decision in Perkins v. Hedricks, 340 F.3d 582 (8th Cir. 2003).

A review of the records and files in this case establish that petitioner was properly committed

1

for mental health care and treatment by the District Court for the Eastern District of North Carolina. United States v. Copley, 935 F.2d 669 (4th Cir. 1991). The law is clear that jurisdiction on issues regarding the fact or duration of a mental health commitment and/or revocation of conditional release lies in the committing court. United States v. Copley, 25 F.3d 660, 662 (8th Cir. 1994). Additionally, it is well-settled law that an inmate committed under 18 U.S.C. § 4246 may be confined indefinitely, until his release would no longer pose a substantial risk of danger to others. See Cochran v. Dysart, 965 F.2d 649 (8th Cir. 1992).

Petitioner has failed to demonstrate how the use of security cameras violates a prisoner's limited right to privacy under conditions in which inmates who present a substantial risk of danger to others are housed.

Because this Court lacks jurisdiction of petitioner's claims regarding his mental health commitment and because his other claim fails to allege a constitutional violation, it must be recommended that the petition for habeas corpus relief be dismissed.[1]

For the foregoing reasons, it is, pursuant to the governing law and in accordance with Local Rule 22 of the United States District Court for the Western District of Missouri,

RECOMMENDED that petitioner be denied leave to proceed in forma pauperis, and that the petition for a writ of habeas corpus be dismissed without prejudice.

/s/ James C. England
JAMES C. ENGLAND
United States Magistrate

Date:     5/19/05

---

[1] Because the petition is not being dismissed for failure to exhaust, the Court will not address petitioner's arguments based on Perkins v. Hedrick, 340 F.3d 582, 583 (8th Cir. 2003).

2